IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TRAFFIC SPORTS USA

Plaintiff,

v.

MODELOS RESTAURANTE, INC.
d/b/a SAJUMA RESTAURANT LOUNGE
and REINALDO QUINTANILLA

Defendants,

Civil Action No. _____

# CV - 11  1454

### SUMMONS

SPATT, J.

TOMLINSON, M

You are hereby summoned and required to serve upon Plaintiff's attorneys whose address is: Paul J. Hooten & Associates, 5505 Nesconset Hwy., Suite 203, Mt. Sinai, New York 11766 an Answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

**ROBERT C. HEINEMANN**

Clerk of Court

*A. Carine*

Deputy Clerk

MAR 2 4 2011

DATE: _____

NOTE:  THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE FEDERAL
RULES OF CIVIL PROCEDURE

CV-11 1454

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RECEIVED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

TRAFFIC SPORTS USA

Civil Action No. — MAR 2 4 2011.   ★

Plaintiff,

LONG ISLAND OFFICE

v.

**COMPLAINT**

MODELOS RESTAURANTE, INC.
d/b/a SAJUMA RESTAURANT LOUNGE
and REINALDO QUINTANILLA

SPATT, J.

TOMLINSON, M

Defendants,

SERVE ON:

Modelos Restaurante, Inc.
d/b/a Sajuma Restaurant Lounge
1770 New York Avenue
Huntington Station, NY 11746

Reinaldo Quintanilla
1770 New York Avneue
Huntington Station, NY 11746

Plaintiff, Traffic Sports USA, by and through its undersigned counsel, Paul J. Hooten & Associates,

complains of the defendants, Modelos Restaurante, Inc. d/b/a Sajuma Restaurant Lounge and

Reinaldo Quintanilla alleges as follows:

## Jurisdiction

1.      This action arises under Section 705 of the Communications Act of 1934, 47 U.S.C.

§§ 605 and 553.

2.      Jurisdiction in this Court is proper under 28 U.S.C. §1331 and 47 U.S.C. §§ 605 and 553.

2

3.      Venue in this Court is proper under 28 U.S.C. §1391(b) as these claims arose in this district.

### Parties

4.      At all times hereinafter mentioned, plaintiff, Traffic Sports USA was and is a corporation organized and existing under the laws of the State of Florida, with its principal office and place of business located in Miami, Florida.

5.      Upon information and belief the defendant, Modelos Restaurante, Inc. is a corporation duly organized under the laws of the State of New York, and authorized to transacting business as "Sajuma Restaurant Lounge" from its principal place of business located at 1770 New York Avenue, Huntington Station, New York.

6.      Defendants Modelos Restaurante, Inc. d/b/a Sajuma Restaurant Lounge and Reinaldo Quintanilla are hereinafter collectively referred to as "Defendants."

### Preliminary Background

7.      Plaintiff entered into a closed-circuit television license agreement to exhibit the closed-circuit telecast of the March 28, 2009 CONCACAF World Cup Qualifier Tournament including but not limited to the Trinidad & Tobago v. Honduras World Cup Qualifier Game, (the match and all related bouts are collectively referred to as the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout New York and other geographic locales (the "License Agreement"). Plaintiff paid substantial fees for its exclusive rights to exhibit the Event under the License Agreement.

8.      Plaintiff entered into the License Agreement for the purpose of distributing for a commercial gain the closed-circuit broadcast of the Event to various business establishments throughout the New York area.

3

9.     The closed-circuit broadcast of the Event was not intended for the use of the general public. In New York, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to do so by Traffic Sports USA.

10.     Pursuant to the License Agreement, Traffic Sports USA marketed and distributed the closed-circuit rights granted to it. Traffic Sports USA contracted with various establishments throughout New York and granted to such establishments the right to broadcast the Event in exchange for a fee.

11.     The transmission of the Event was electronically coded or "scrambled". In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

12.     The transmission of the Event was available to the defendant to purchase for broadcast in Modelos Restaurante, Inc. d/b/a Sajuma Restaurant Lounge. Had he done so, he would have been authorized to receive, transmit and publish the Event in Modelos Restaurante, Inc. d/b/a Sajuma Restaurant Lounge.  Defendant did not, however, contract with Traffic Sports USA to obtain the rights to broadcast the Event.

13.     The establishments which contracted with Traffic Sports USA to broadcast the Event were provided with the electronic decoding equipment and satellite coordinates necessary to receive the signal of the Event.

14.     On March 28, 2009 in violation of Traffic Sports USA's rights and federal and state law, the Defendants willfully intercepted and/or received the interstate communication of the Event. In the alternative, the Defendant assisted in the receipt of the interstate communication of the Event. The Defendant then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within Modelos Restaurante, Inc. d/b/a Sajuma Restaurant Lounge.

4

15.     The Defendant misappropriated Traffic Sports USA licensed exhibition of the Event and

infringed upon Traffic Sports USA exclusive rights while avoiding proper payment to Traffic Sports

USA. Defendants' purpose and express intent in committing their unlawful actions was to secure a

financial gain and commercial advantage.

16.     The Defendant enabled the patrons within Modelos Restaurante, Inc. d/b/a Sajuma Restaurant

Lounge to view the Event to which neither the Defendant nor the patrons were entitled.

17.     The persons whom Defendant permitted to view the Event would otherwise have been able to

view it at a commercial establishment only if said commercial establishment was properly licensed

and authorized by Traffic Sports USA.

18.     The Defendant was not authorized to intercept, receive or transmit the communication of the

Event or to assist in such actions in any form or at any time.

19.     Defendants' unauthorized exhibition of the telecast of the event caused substantial damage to

Traffic Sports USA.

**COUNT I**
**VIOLATION OF 47 U.S.C. §605(e)(3)(C)(i)(II)**

20.     Plaintiff repeats, reiterates, and realleges, each and every allegation set forth in the prior

paragraphs herein, with the same force and effect as if set forth at length herein.

21.     The Federal Communications Act of 1934, as amended, 47 U.S.C. §605 (the "Statute"),

provides in part:

> No person not being authorized by the sender shall intercept any radio communication and
> divulge or publish the existence, contents, substance, purport, effect, or meaning of such
> intercepted communication to any person. No person not being entitled thereto shall receive
> or assist in receiving any interstate or foreign communication by radio and use such
> communication (or any information therein contained) for his own benefit or for benefit of
> another not entitled thereto. No person having received any intercepted radio communication
> or having become acquainted with the contents, substances, purport, effect, or meaning of

5

such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

22.     The Defendants' wrongful actions in connection with the Event were in violation of the

Statute.

23.     Section 605(d)(6) provides that "any person with proprietary rights in the intercepted

communication ..." may bring a private cause of action against one who acts in violation of the

Statute.

24.     Moreover, Section 605(e)(3)(C)(i)(II) provides that "the party aggrieved may recover an

award of statutory damages for each violation of subsec. (a) involved in the action in a sum of not

less than $ 1,000 or more than $ 10,000, as the court considers just, and for each violation of

paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory

damages in a sum not less than $ 10,000, or more than $ 100,000, as the court considers just."

25.     By virtue of the License Agreement, Traffic Sports USA maintained proprietary rights in the

intercepted communication of the Event. Therefore, Traffic Sports USA is an aggrieved person and

is entitled to recover damages from the Defendants for their violations of the Statute and their

interference with Traffic Sports USA proprietary rights.

26.     Because of its contractual rights and obligations with regard to distribution of the Event,

Traffic Sports USA had an important economic interest in protecting the integrity of the

communication of the Event. As a direct and proximate result of the Defendants' acts, Traffic Sports

USA has lost the revenue which would have been derived from the delivery and exhibition of the

Event to Modelos Restaurante, Inc. d/b/a Sajuma Restaurant Lounge and its patrons, causing

substantial and irreparable harm, including, but not limited to, a loss of revenue and profits, damage

6

to its goodwill and reputation, a loss of its substantial investment of financial resources, time and effort in the promotion of the Event and loss of its right and ability to control and receive fees for the reception of the Event. Further, Traffic Sports USA has also suffered an unquantifiable loss of future business in those persons who will not patronize Traffic Sports USA, subscribers on the assumption that they can view future similar closed-circuit events at unauthorized establishments such as Modelos Restaurante, Inc. d/b/a Sajuma Restaurant Lounge.

27.     Because of Defendants' wrongful actions, Traffic Sports USA is entitled to collect from the Defendants statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to §605(e)(3)(C)(i)(II).

28.     Wherefore, Plaintiff demands judgment in favor of the Plaintiff and against the Defendants in the amount of $10,000.00.

## COUNT II
### VIOLATION OF 47 U.S.C. §605(e)(3)(C)(i)(II)

29.     Plaintiff repeats, reiterates, and realleges, each and every allegation set forth in the prior paragraphs herein, with the same force and effect as if set forth at length herein.

30.     As previously mentioned, Section 605(e)(3)(C)(i)(II) provides that "the party aggrieved may recover an award of statutory damages ... for each violation of **paragraph (4)** of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just."

31.     Moreover, Section 605(e)(4) provides that "Any person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or

7

is intended for any other activity prohibited by subsection (a), shall be fined not more than $ 500,000 for each violation, or imprisoned for not more than 5 years for each violation, or both. For purposes of all penalties and remedies established for violations of this paragraph, the prohibited activity established herein as it applies to each such device shall be deemed a separate violation."

32.   Based on information and belief the Defendants herein modified electronic, mechanical and/or another device to intercept electronic decoding equipment and satellite coordinates that was explicitly provided to the Plaintiff.

33.   Upon information and belief, the Defendants effected such interception or receipt of the Events through the use of illegal decoding devices; by the manipulation of the closed-circuit system authorized to carry the Events in the licensing area; by ordering the Events for residential locations and removing the decoder/converter box to Defendants' commercial locations, or by such other means unknown to Traffic Sports USA and known only to Defendant.

34.   As a result of the foregoing, Defendant is in violation of Section 605(e)(4) and as such Plaintiff is entitled to the maximum amount of damages of $100,000.00 under Section 605(e)(3)(C)(i)(II).

35.   Wherefore, Plaintiff demands judgment in favor of the Plaintiff and against the Defendants in the amount of $100,000.00.

## COUNT III
## VIOLATION OF 47 U.S.C. §605(e)(3)(C)(ii)

36.   Plaintiff repeats, reiterates, and realleges, each and every allegation set forth in the prior paragraphs herein, with the same force and effect as if set forth at length herein.

37.   Section 605(e)(3)(C)(i)(II) provides that "In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or

8

private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a)."

38.   The actions by the Defendants herein were in fact willful and for a direct commercial purpose and to seek private financial gain. Accordingly the Plaintiff is entitled to recover of the Defendants the maximum statutory damages of $100,000.00 for this willful violation.

39.   Wherefore, Plaintiff demands judgment in favor of the Plaintiff and against the Defendants in the amount of $100,000.00.

**COUNT IV**
**VIOLATION OF 47 U.S.C. §605(e)(3)(B)(iii)**

40.   Plaintiff repeats, reiterates, and realleges, each and every allegation set forth in the prior paragraphs herein, with the same force and effect as if set forth at length herein.

41.   Section 605(e)(3)(B)(iii) provides that "The Court shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails," under this statute.

42.   Accordingly, based on the Defendant's willful violation of 47 U.S.C. §605 Plaintiff is entitled to recover for its full attorney's fees as well as costs in this action, which will be determined at the time of any potential Judgment.

43.   Wherefore, Plaintiff demands judgment in favor of the Plaintiff and against the Defendants in the amount of its full attorney's fees as well as costs in this action.

**COUNT V**
**VIOLATION OF 47 U.S.C. §553(c)(3)(A)(ii)**

44.   Plaintiff repeats, reiterates, and realleges, each and every allegation set forth in the prior paragraphs herein, with the same force and effect as if set forth at length herein.

45.   Section 553(a)(1) provides, "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to

9

do so by a cable operator or as may otherwise be specifically authorized by law."

46.    Section 553 (c)(3)(A)(ii) provides further that "the party aggrieved may recover an award of statutory damages for all violations involved in the action, in a sum of not less than $ 250 or more than $ 10,000 as the court considers just."

47.    Upon information and belief, in violation of 47 U.S.C. §553, the Defendants, illegally and without authorization, intercepted, received or otherwise assisted in the unauthorized interception or receipt of the Event.

48.    As previously mentioned, based upon information and belief, the Defendants effected such interception or receipt of the Events through the use of illegal decoding devices; by the manipulation of the closed-circuit system authorized to carry the Events in the licensing area; by ordering the Events for residential locations and removing the decoder/converter box to Defendants' commercial locations, or by such other means unknown to Traffic Sports USA and known only to Defendant.

49.    Traffic Sports USA is a person aggrieved by the Defendants' violations of 47 U.S.C. §553 and is authorized to institute this action against the Defendant pursuant to §553.

50.    Defendants' violations of 47 U.S.C. §553 have injured and will continue to injure Traffic Sports USA ability to market future pay-per-view products and to maximize the revenues which it seeks to derive from its telecasts, in that Traffic Sports USA has been deprived of the benefit of subscribers to the Events and has suffered injury to its goodwill and reputation. As a further result of such violations, Defendant has gained and will continue to gain unjust profits and undeserved goodwill.

51.    Unless restrained by this Court, the Defendants will continue to receive, intercept, transmit and exhibit Traffic Sports USA programming illegally and without authorization in violation of 47 U.S.C. §553. The Defendants intercepted, received and publicly exhibited Traffic Sports USA

10

telecast of the Event without authorization, on at least one occasion, and Traffic Sports USA cannot practicably detect or determine each occasion on which Defendants have intercepted, received and publicly exhibited the Event or other Traffic Sports USA programming.

52.     All conditions precedent to Traffic Sports USA right to bring this action have been performed or have otherwise occurred.

53.     Because of Defendants' wrongful actions, Traffic Sports USA is entitled to collect from the Defendants statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to §553(c)(3)(A)(ii).

54.     Wherefore, Plaintiff demands judgment in favor of the Plaintiff and against the Defendants in the amount of $10,000.00.

## COUNT VI
## VIOLATION OF 47 U.S.C. §553(c)(3)(B)

55.     Plaintiff repeats, reiterates, and realleges, each and every allegation set forth in the prior paragraphs herein, with the same force and effect as if set forth at length herein.

56.     Section 553(c)(3)(B) provides that "In any case in which the court finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory under subparagraph (A), by an amount of not more than $ 50,000."

57.     Defendants' violations of 47 U.S.C. §553 were committed willfully and for purposes of commercial advantage and private financial gain.

58.     Accordingly the Plaintiff is entitled to recover of the Defendants the maximum statutory damages of $50,000.00 for this willful violation.

59.     Wherefore, Plaintiff demands judgment in favor of the Plaintiff and against the Defendants in

11

Case 2:11-cv-01454-ADS-AKT Document 10-1 Filed 01/24/12 Page 12 of 13 PageID #: 59

the amount of $50,000.00.

COUNT VII
## VIOLATION OF 47 U.S.C. §553(c)(2)(C)

60.    Plaintiff repeats, reiterates, and realleges, each and every allegation set forth in the prior paragraphs herein, with the same force and effect as if set forth at length herein.

61.    Section 553(c)(2)(C) provides that "The Court may direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails," under this statute.

62.    Accordingly, based on the Defendant's willful violation of 47 U.S.C. §553 Plaintiff is entitled to recover for its full attorney's fees as well as costs in this action, which will be determined at the time of any potential Judgment.

63.    Wherefore, Plaintiff demands judgment in favor of the Plaintiff and against the Defendants in the amount of its full attorney's fees as well as costs in this action.

WHEREFORE, the Plaintiff, Traffic Sports USA prays this Court grant judgment against Defendant, Modelos Restaurante, Inc. d/b/a Sajuma Restaurant Lounge and Reinaldo Quintanilla, as follows:

A.    In the first cause of action, in the sum of $10,000.00 pursuant to 47 U.S. §605(e)(3)(C)(i)(II);

B.    In the second cause of action, in the sum of $100,000.00 pursuant to 47 U.S. §605(e)(3)(C)(i)(II);

C.    In the third cause of action, in the sum of $100,000.00 pursuant to 47 U.S. §605(e)(3)(C)(ii);

D.    In the fourth cause of action, in the sum of Plaintiff's attorneys fees and costs pursuant to 47 U.S. §605(e)(3)(B)(iii);

12

E.  In the fifth cause of action, in the sum of $10,000.00 pursuant to 47 U.S. §553(c)(3)(A)(ii);

F.  In the sixth cause of action, in the sum of $50,000.00 pursuant to 47 U.S. §553(c)(3)(B);

G.  In the seventh cause of action, in the sum of Plaintiff's attorneys fees and costs pursuant to 47 U.S. §553(c)(2)(C);

H.  Each together with the costs, fees, and interest as set forth herein; and

I.  for such other and further relief as to this Court may appear just and proper.

BY:  _____

Paul J. Hooten & Associates
Attorney for Plaintiff
5505 Nesconset Hwy., Suite 203
Mt. Sinai, New York 11766
(631)331-0547

13